UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV 26-1810-E | Date | April 15, 2026 |
|---|---|---|---|

| Title | DOK ZAINUTDINOV v. ERNESTO SANTA CRUZ JR., ETC., ET AL. |
|---|---|

Present: The Honorable   Charles F. Eick, United States Magistrate Judge

| Bea Martinez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

**Attorneys Present for Plaintiffs:**
None

**Attorneys Present for Defendants:**
None

**Proceedings:**      **(IN CHAMBERS)**

Petitioner filed an "Ex Parte Motion for Temporary Restraining Order" ("the Motion") on April 13, 2026.  Respondents failed to file any response to the Motion within the allotted time.  See Minute Order, filed April 13, 2026.

According to the papers filed by Petitioner, he is a Russian national of Chechen ethnicity who entered the United States in 2021 and was then released by immigration authorities on supervision.  Reportedly, Petitioner substantially complied with the conditions of his supervision until, on February 12, 2026, Petitioner failed to arrive on time for a hearing before an immigration judge.  This failure reportedly was caused by a medical emergency.  Nevertheless, the immigration judge denied a request by Petitioner's counsel to delay the hearing.  The immigration judge then issued an in absentia order of removal.  Petitioner subsequently filed a "Motion to Rescind In Absentia Order of Removal and Reopen Removal Proceedings," which remains pending.

On March 25, 2026, agents of the Immigration and Customs Enforcement ("ICE") abruptly re-detained Petitioner.  Petitioner has not been afforded a hearing before an immigration judge regarding whether Petitioner should receive bond or should be detained as a flight risk or a danger to the community.

| CV-90 (06/04) | Civil Minutes – General | Page **1** of **4** |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV 26-1810-E | Date | April 15, 2026 |
|---|---|---|---|
| Title | DOK ZAINUTDINOV v. ERNESTO SANTA CRUZ JR., ETC., ET AL. | | |

Under Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) ("Winter"), a party seeking a temporary restraining order ("TRO") must establish four elements: "(1) a likelihood of success on the merits, (2) that the [party] will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in [his] favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014) (citing Winter, 555 U.S. at 20). Courts in this Circuit also employ "an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the Winter standard" (Fraihat v. U.S. Immigr. & Customs Enf't, 16 F.4th 613, 635 (9th Cir. 2021)), in which the four Winter elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another." All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). Under this approach, a TRO may be warranted where there are "'serious questions going to the merits' and a hardship balance . . . tips sharply toward the [party]," and so long as the other Winter factors are also met. Id. at 1132.

In the present case, Petitioner has established the required elements for a TRO mandating a prompt bond hearing before an immigration judge.

The federal Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A petitioner held in custody in violation of the Constitution or federal law is entitled to habeas relief. See 28 U.S.C. § 2241(c)(3).

Although this Court would have no jurisdiction to review a challenge to an order of removal (8 U.S.C. § 1252(g)), the Court does have jurisdiction to adjudicate Petitioner's challenge to his re-detention. See Jennings v. Rodriguez, 583 U.S. 281, 138 S. Ct. 830, 841 n.3 (2018); Zadvydas v. Davis, 533 U.S. 678, 687 (2001); Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999); Pinchi v. Noem, 2025 WL 3691938, at *9-12 (N.D. Cal. Dec. 19, 2025). Numerous District Courts correctly have found that jurisdiction exists to adjudicate aliens' challenges to ICE re-detentions. See, e.g., Pinchi v. Noem, 2025 WL 3691938, at *9-12; Xayakesone v. Noem, 2025 WL 3229102 (S.D. Cal. Nov. 19, 2025); J.L.R.P. v. Wofford, 2025 WL 3190589 (E.D. Cal. Nov. 14, 2025); Rodriguez Cabrera v. Mattos, 2025 WL 3072687, at *6-7 (D. Nev. Nov. 3, 2025); Grigorian v. Bondi, 2025 WL 2604573 (S.D. Fla. Sept. 9, 2025); K.E.O. v. Woosley, 2025 WL 2553394 (W.D. Ky. Sept. 4, 2025); Zhu v. Genalo, 2025 WL 2452352 (S.D.N.Y. Aug. 26, 2025); Santamaria Orellana v. Baker, 2025 WL 2444087

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV 26-1810-E | Date | April 15, 2026 |
|---|---|---|---|

| Title | DOK ZAINUTDINOV v. ERNESTO SANTA CRUZ JR., ETC., ET AL. |
|---|---|

(D. Md. Aug. 25, 2025); M.S.L. v. Bostock, 2025 WL 2430267 (D. Or. Aug. 21, 2025); Ceesay v. Kurzdorfer, 781 F. Supp. 3d 137, 151-52 (W.D.N.Y. 2025).

Due process, which extends to noncitizens present in the United States, prohibits deprivations of life, liberty and property without due process of law. See U.S. Const. Amend. V; Trump v. J.G.G., 604 U.S. 670, 673 (2025); Zadvydas v. Davis, 533 U.S. at 693-94. Due process requires that a person be afforded notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976) ("Mathews"); Tenemasa-Lema v. Hyde, 2025 WL 3280555, at *8-11 (D. Mass. Nov. 25, 2025) (applying Mathews to find that re-detention of paroled alien without the possibility of re-release violated due process); Minute Order, filed October 30, 2025 in Im v. Semaia, CV 25-2733-JAK(E) (C.D. Cal. 2025) (applying Mathews to find a likelihood of a due process violation where ICE re-detained without a hearing an alien who had been on immigration supervision); accord Pinchi v. Noem, 2025 WL 3691938, at *30-31; cf. Hurd v. District of Columbia, 864 F.3d 671, 683 (D.C. App. 2017) ("the Supreme Court has repeatedly held that in at least some circumstances, a person who is in fact free of physical confinement - even if that freedom is lawfully revocable - has a liberty interest that entitles him to constitutional due process before he is re-incarcerated").

In the present case, Petitioner has demonstrated a likelihood of success on the merits of his claim that his due process rights were violated by a re-detention without a prompt bond hearing. Respondents apparently failed to give Petitioner any prior or contemporaneous explanation of the specific reason(s) for the (de facto) revocation of supervision and failed to provide Petitioner with a prompt opportunity to present evidence to explain why revocation is not warranted and detention is not required. See, e.g., Dereck v. Noem, 2026 WL 807618, at *3-4 (E.D. Cal. March 24, 2026), adopted, 2026 WL 926254 (E.D. Cal. Apr. 6, 2026); Acosta v. Warden, 2026 WL 350831, at *4-5 (E.D. Cal. Feb. 9, 2026); Perez-Escobar v. Monez, 2025 WL 2084102, at *2 (D. Mass. July 24, 2025); see also Delkash v. Noem, CV 25-01675-HDV(AGR) (C.D. Cal. Aug. 25, 2025) (Dkt. 18, pp. 7-9).

For the reasons stated in sections II and III of Petitioner's "Memorandum of Points and Authorities, etc.," filed April 13, 2026, the other Winter elements are also satisfied with respect to Petitioner's re-detention in the absence of a prompt bond hearing. Therefore, the Motion is granted insofar as Petitioner seeks a bond hearing and an order enjoining Respondents from transferring Petitioner outside this district during the pendency of this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV 26-1810-E | Date | April 15, 2026 |
|---|---|---|---|

| Title | DOK ZAINUTDINOV v. ERNESTO SANTA CRUZ JR., ETC., ET AL. |
|---|---|

Accordingly, IT IS ORDERED that: (1) within seven (7) days of the date of this Order, Respondents shall provide Petitioner a bond hearing before an immigration judge; and (2) Respondents are enjoined from transferring Petitioner outside this district during the pendency of this case.[1]

IT IS FURTHER ORDERED that, on or before April 24, 2026, the parties shall file a report regarding compliance with this TRO.

Except as expressly stated herein, the Motion is denied. Under the Winter standards, Petitioner has failed to demonstrate that immediate release, or the enjoining of removal, would be appropriate at this time.

cc:    All Counsel of Record

Initials of Deputy Clerk  bm

---

[1]    No security is ordered because requiring security "would have a negative impact on [Petitioner's] constitutional rights, as well as the constitutional rights of other members of the public." Baca v. Moreno Valley Unified School District, 936 F. Supp. 719, 738 (C.D. Cal. 1996); see Johnson v. Couturier, 572 F.3d 1067, 1086 (2009) (despite the seemingly mandatory language of Federal Rule of Civil Procedure 65(c) the district court has discretion regarding whether to require security when granting interim injunctive relief).