**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOK ZAINUTDINOV, | No. ED CV 26-1810-E |
| Petitioner, | ORDER FOR ENTRY OF JUDGMENT |
| v. | |
| ERNESTO SANTACRUZ JR., ETC., ET AL., | |
| Respondents. | |

**FACTUAL BACKGROUND AND PROCEEDINGS**

Petitioner is a Russian national who entered the United States in 2021 and was then released on parole. Later, Petitioner was arrested twice for assault with a deadly weapon. A state criminal case arising out of the second such arrest is pending.

On February 12, 2026, Petitioner failed to arrive on time for a hearing before an immigration judge. Petitioner contends that this failure was caused by a medical emergency. Nevertheless, the immigration judge issued an in absentia order of removal. On March 25, 2026, agents of the Immigration and Customs Enforcement ("ICE") re-detained Petitioner without a hearing before an immigration judge regarding whether Petitioner should receive

bond or should be detained as a flight risk or a danger to the community.

On April 13, 2026, Petitioner filed a "Petition for Writ of Habeas Corpus" ("the Petition") and an "Ex Parte Motion for Temporary Restraining Order."  On April 15, 2026, the Court granted a temporary restraining order requiring a prompt bond hearing before an immigration judge.  The Court declined to order any additional relief and declined to order a release from detention, which had been sought by Petitioner.

On April 22, 2026, Petitioner received a bond hearing before an immigration judge in accordance with the Court's order.  The immigration judge denied bond, finding Petitioner to be both an unacceptable flight risk and an unacceptable danger to the community.

On May 14, 2026, Petitioner filed motions in this Court again seeking Petitioner's release from detention.  Petitioner argued that the immigration judge had failed to comply with the Court's April 15, 2026 Order.  On June 4, 2026, the Court denied Petitioner's May 14, 2026 motions.  The Court found that Petitioner had received from the immigration judge "a meaningful opportunity to contest [Petitioner's] current detention."  The Court also ruled that any disagreement by Petitioner with the immigration judge's decision did not provide a basis for habeas relief, citing Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024) and Singh v. Bowen, 2026 WL 485760, at *4-5 (C.D. Cal. Feb. 19, 2026).  The Court then allowed the parties to "file additional papers in support of or in opposition to the Petition on or before June 17, 2026."

On June 17, 2026, Petitioner filed "Petitioner's Supplemental Statement."  Therein, Petitioner again seeks release from detention.  Respondents did not file additional papers on June 17, 2026, but did file a response to "Petitioner's Supplemental Statement" on June 25, 2026 (in compliance with the Court's June 18, 2026 Minute Order).

///

The Court again denies Petitioner's request for release from detention.  On the particular circumstances presented, Petitioner's court-ordered receipt of a prompt and meaningful opportunity to contest his ICE detention sufficiently remedied any federal law violation that may have occurred.  Petitioner has failed to demonstrate that any different or additional remedy would be appropriate.  Therefore, the Petition is denied and dismissed with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 1, 2026.

CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

3